IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

**Melissa Hadley,**                                                                **Plaintiff,**

**v.**                                                              **Civil Action No. _____**

**Hays Medical Center, Curt Meineke, M.D.,**
**Kenneth Koerner, D.C., Koerner Chiropractic, P.A.,**
**Troy Kerby, M.D., Michael Pfannenstiel, M.D.,**
**and Valarie Eckard, M.D.,**                                  **Defendants.**

**COMPLAINT**

1. The Plaintiff is a citizen and resident of Ottawa County, Kansas, living at 312 Argyle Avenue, Minneapolis, Kansas.

2. Defendant Hays Medical Center is a corporation organized and existing under the laws of the State of Kansas, having its principle place of business in Hays, Ellis County, Kansas located at 2220 Canterbury Drive, Hays, Kansas 67601 where it may be served by delivery of summons and complaint upon its president and chief executive officer John W. Jeter, M.D.

3. Defendant Kenneth J. Koerner, D.C. is a citizen and resident of Ellis County, Kansas where he may be served with summons and complaint at 2707 Vine Street, Suite 1, Hays, Ellis County, Kansas or 1005 Washington Street, Ellis, Ellis County, Kansas.

4. Defendant Koerner Chiropractic, P.A. is a professional association corporate business entity organized and existing under the laws of the State of Kansas having its principle place of business in Hays, Ellis County, Kansas at 2707 Vine Street, Suite 1,

1

Hays, Kansas 67601 where it may be served with summons and complaint upon its managing officer Kenneth J. Koerner, D.C.

5. Defendant Curt D. Meinecke, M.D. is a citizen and resident of Wichita, Sedgwick County, Kansas where he may be served with personal service of process, summons and complaint at 929 North St. Francis, 67214.

6. Defendant Michael Pfannenstiel, M.D. is a citizen and resident of Hays, Ellis County, Kansas where he may be served with summons and complaint at 2220 Canterbury Drive, Hays, Kansas 67601.

7. Defendant Troy W. Kerby, M.D. is a citizen and resident of Hays, Ellis County, Kansas where he may be served with summons and complaint at 2220 Canterbury Drive, Hays, Kansas 67601.

8. Defendant Valerie Eckard, M.D. is a citizen and resident of Hennepin County, Minnesota where she may be served with summons and complaint at 11995 Singletree Lane, Suite 500, Eden Prairie, Minnesota 55344.

## JURISDICTION

9. Jurisdiction of this action and these parties is based upon the existence of a question of federal law 42 U.S.C. 1395dd *et. seq.* and 28 U.S.C. 1331, and the fact that the claims against all of the Defendants herein other than Hays Medical Center, arise out of the same core of operative facts and that all of the parties named in this Complaint other than Hays Medical Center are therefore properly pendent and the claims against them are properly ancillary to the claim against Hays Medical Center.

**DEMAND FOR JURY TRIAL**

10. The Plaintiff demands a trial by jury of seven persons.

**DESIGNATION OF PLACE OF TRIAL**

11. The Plaintiff designates Wichita, Kansas as the place of trial.

**COUNT I: COBRA/EMTALA CLAIM AGAINST HAYS MEDICAL CENTER**

12. On February 20, 2012 in Hays, Ellis County, Kansas the Plaintiff Melissa Hadley presented herself to Defendant Hays Medical Center, as a hospital emergency patient.

13. Defendant Hays Medical Center was and is a hospital which did have and does have a hospital emergency department.

14. The Plaintiff Melissa Hadley arrived at the Hays Medical Center emergency department and made a request or a request was made on her behalf for examination and treatment of a medical condition which was an active, ongoing stroke or cerebro-vascular event.

15. Defendant Hays Medical Center attempted to but did not provide for an appropriate medical screening examination within the capability of the emergency department of Hays Medical Center.

16. Defendant Hays Medical Center failed to properly conduct a thorough neurological examination of Melissa Hadley and failed to ensure that she was seen by a neurological specialist and by other appropriate medical specialists as her ongoing and obvious continuing stroke required.

17. Melissa Hadley was exhibiting signs and symptoms of a stroke including inability to properly speak, dizziness, inability to see or focus her eyes, inability to think

or reason, involuntary urination, vomiting, confusion, and pain and discomfort, all of which clearly and obviously were the frank and apparent, definite symptoms of a current, active and ongoing stroke which was taking place at that time in Melissa Hadley's body.

18. Defendant Hays Medical Center failed to provide an accurate thorough medical screening examination within its resources, for this stroke.

19. Defendant Hays Medical Center failed to provide, within the staff and facilities available at Hays Medical Center, for such further medical examination and such treatment as was required to stabilize Melissa Hadley's medical condition and to provide for treatment or to properly transfer Melissa Hadley to a tertiary or other medical care facility in accordance with COBRA/EMTALA.

20. Defendant Hays Medical Center had staff and facilities available to it in the form of board certified neurologists, board certified internal medicine specialists and other paramedical physicians and medical personnel who were capable of stabilizing Melissa Hadley's medical condition.

21. However, Defendant Hays Medical Center failed to provide the proper evaluation, examination and treatment to stabilize Melissa Hadley's active and continuing stroke.

22. Further, Hays Medical Center failed to arrange for Melissa Hadley to be transferred to a more sophisticated or advanced facility or neurological or medical treatment location where more sophisticated neurological and medical treatment and thereby stabilization could have been afforded to Melissa Hadley, in the form of life

4

flight or Eaglemed air transport from Hays to Wichita to either St. Francis Via Christi or Wesley Medical Center in Wichita, Kansas or some other similar facility with more sophisticated and advanced treatment.

23. Defendant Hays Medical Center was equipped with a proper helicopter pad and landing/taking off facility for such a transfer from Hays to Wichita and had available to it all of the proper aircraft and personnel to fly the aircraft as medically necessary but failed to arrange for such transfer or any other transfer.

24. Defendant Hays Medical Center had the medical and neurological capability of stabilizing Melissa Hadley's active stroke but failed to do so.

25. Defendant Hays Medical Center did fail to stabilize Melissa Hadley's current and ongoing stroke on February 20, 2012 in Hays, Ellis County, Kansas.

26. Defendant Hays Medical Center discharged or transferred Melissa Hadley out of its facility simply to go home.

27. The actions of Defendant Hays Medical Center were performed below the proper standard of care observed by physicians and surgeons in communities such as Hays, Kansas and those of similar size in Kansas and throughout the United States.

28. In addition, the actions of Hays Medical Center were in violation of the statutory requirement of examination, evaluation, treatment, stabilization and proper transfer set forth in Federal Law 42 U.S.C. 1395dd *et. seq.*

29. The actions of Defendant Hays Medical Center were negligent and were in violation of the duty which Hays Medical Center owed to Melissa Hadley, its medical emergency room department patient.

30. Defendant Hays Medical Center accepted Melissa Hadley into its emergency room department with an emergency medical condition which was an active and continuing stroke.

31. Defendant Hays Medical Center recklessly, willfully, intentionally, and wantonly discharged Melissa Hadley knowing that she had a stroke and knowing that it was active and ongoing and intentionally refused to provide her with the full, proper and correct examination, evaluation and treatment to which she was entitled and which was required by 42 U.S.C. 1395dd.

32. As a direct and proximate result of the wrongful actions of Defendant Hays Medical Center described herein, Melissa Hadley did not receive the proper care required for her stroke and her stroke was not stopped or contained properly, her stroke continued to occur, she suffered significant brain damage and neurological damage, and she suffered permanent mental and physical injury, pain, suffering and emotional distress, disability and other injuries.

33. But for the wrongful acts of Defendant Hays Medical Center herein, Melissa Hadley would have been properly treated, properly examined and tested and would not have suffered the permanent mental, neurological and physical injuries and other damages described herein.

## COUNT II: CHIROPRACTIC NEGLIGENCE AGAINST DEFENDANT KENNETH JOSEPH KOERNER, D.C.

34. On February 20, 2012 in Hays, Ellis County, Kansas the Plaintiff Melissa Hadley received chiropractic care and treatment from Defendant Kenneth Koerner, D.C. and Koerner Chiropractic, P.A.

35. Plaintiff Melissa Hadley relied upon Dr. Koerner and Koerner Chiropractic, P.A. to provide her with the proper chiropractic care and treatment including neck manipulations and other chiropractic adjustments and manipulations of the head, neck and spine and the associated parts of the body.

36. Defendant Kenneth J. Koerner, D.C. and Defendant Koerner Chiropractic, P.A. acting through its agent Kenneth Koerner, D.C. undertook to provide chiropractic care to Melissa Hadley for a consideration in money paid by or on behalf of Melissa Hadley on February 20, 2012.

37. Defendant Kenneth Koerner, D.C. and Koerner Chiropractic, P.A. negligently manipulated or treated Melissa Hadley's head and neck, causing a blood clot to break loose or a neck vein or artery or some other vein or artery to break or to be damaged or disrupted in some way so that blood flow to the brain and other cerebral tissue of Melissa Hadley was reduced, disrupted, interrupted, damaged or otherwise blocked.

38. The damage to Melissa Hadley's veins or arteries and her brain tissue or other neurological tissue, was a stroke or caused a current and an active and ongoing stroke.

39. Therefore, Melissa Hadley's current and active ongoing stroke was the direct and proximate result of the negligence of Kenneth Koerner, D.C. and Koerner Chiropractic, P.A.

40. Defendant Kenneth J. Koerner, D.C. and Koerner Chiropractic, P.A. were negligent and fell below the standard of care which is observed by chiropractors in cities such as Hays, Kansas and those of similar size in Kansas and throughout the United States.

41. Kenneth J. Koerner, D.C. and Koerner Chiropractic, P.A., approximately four days earlier, had negligently treated or manipulated Melissa Hadley's head, neck and spine so as to cause the formation of a blood clot in her circulatory system which then lay dormant until the blood clot was broken loose on February 20, 2012 as described above.

42. Melissa Hadley had no knowledge of and no reason to discover the blood clot before the events of February 20, 2012 because she had no knowledge of it and could not see it or appreciate it and it caused no medical or other problems for her until it was broken loose by Kenneth J. Koerner, D.C. and Koerner Chiropractic, P.A. on February 20, 2012.

43. The Defendants Kenneth Koerner, D.C. and Koerner Chiropractic, P.A. negligently twisted, turned or manipulated the head and neck or other parts of Melissa Hadley in a rough and violent or unnecessarily strong manner, causing damage to her vessels and the dislodging of the blood clot as described herein.  Defendant Kenneth J. Koerner, D.C. and Koerner Chiropractic, P.A. four days earlier in Hays, Ellis County,

Kansas, negligently provided improper chiropractic care and treatment of Melissa Hadley which caused the blood clot to occur or to come into being.

44.     As a direct and proximate result of the negligence of Defendant Kenneth J. Koerner, D.C. and Koerner chiropractic, P.A., Melissa Hadley suffered a cerebral vascular event or a stroke on February 20, 2012, which began on that day and continued to occur as a current and ongoing stroke thereafter for several days.

45.     But for the negligence of Kenneth J. Koerner, D.C. and Koerner Chiropractic, P.A., the Plaintiff would not have been injured and would not have suffered a stroke and would not have required medical care and treatment at Hays Medical Center or at other medical facilities after that, and would not have suffered disability and permanent metal anguish, pain and suffering, and emotional distress.

**COUNT III: EMERGENCY ROOM PHYSICIAN NEGLIGENCE AGAINST CURT D. MEINECKE, M.D. AND MICHAEL PFANNENSTIEL, M.D.**

46.     On February 20, 2012 in Hays, Ellis County, Kansas Melissa Hadley entered into a physician patient relationship with Dr. Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. as emergency room physicians to provide her with a full evaluation, treatment and diagnosis, for her unstable emergency condition.

47.     Melissa Hadley was evaluated and treatment was undertaken by Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. in consideration of a payment in money made by or on behalf of Melissa Hadley to Curt Meinecke, M.D. and Michael Pfannenstiel, M.D.

58. Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. negligently failed to properly evaluate and treat Melissa Hadley's condition of active and ongoing stroke in the following particulars.

59. First, they failed to recognize that her symptoms of uncontrolled urination, vomiting, unclear speech, blurred vision, dizziness and disorientation, were classic signs of an existing, current and ongoing cerebro-vascular accident.

60. Second, Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. negligently failed to further evaluate and further diagnose Melissa Hadley with the precise neurological diagnosis so that she could be immediately properly treated and admitted to the hospital in Hays, Kansas or transferred to a more sophisticated treatment facility.

61. Third, Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. negligently diagnosed Melissa Hadley with the stomach flu and sent her home without admitting her to the hospital and without any further treatment, examination or diagnosis.

62. Fourth, Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. negligently failed to immediately contact a neurologist or other specialists all of whom were immediately and very easily available to them in Hays at Hays Medical Center to perform an immediate detailed and thourough neurological examination so that Melissa Hadley's stroke could be immediately, properly diagnosed and treated and be admitted to the hospital in Hays, Kansas.

63. Fifth, Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. negligently failed to transfer Melissa Hadley to a more sophisticated facility by Eaglemed or flight ambulance.

64. All of the above actions of Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. were negligent and fell below the standard of care of physicians in Hays, Ellis County, Kansas and those in communities of similar size in Kansas and throughout the United States.

65. As a direct and proximate result of the negligence of Curt Meinecke, M.D. and Michael Pfannenstiel, M.D., Melissa Hadley suffered substantial irreversible and permanent disabling results of a stroke including, but not limited to, brain damage, neurological damage, disability, mental and emotional damage, pain, suffering and mental anguish and other damages which she would not have suffered but for the negligence of Curt Meinecke, M.D. and Michael Pfannenstiel, M.D. as set forth in this Count III.

## COUNT IV: EMERGENCY PHYSICIAN DIANOSTIC NEGLIGENCE AGAINST TROY W. KERBY, M.D. AND VALARIE ECKARD, M.D.

66. On February 20, 2012 in Hays, Ellis County, Kansas Melissa Hadley entered into a physician patient relationship with Troy W. Kerby, M.D. and Valarie Eckard, M.D. as emergency room physicians and/or diagnostic radiologists or diagnostic imaging physicians to provide her with proper and correct diagnostic imaging services as diagnosing radiologists, physicians and health care providers.

67. Melissa Hadley was evaluated and treatment was undertaken based upon diagnoses and evaluations made by Troy W. Kerby, M.D. and Valarie Eckard, M.D. in consideration of a payment in money made by or on behalf of Melissa Hadley to Troy W. Kerby, M.D. and Valarie Eckard, M.D.

11

68. Troy W. Kerby, M.D. and Valarie Eckard, M.D. negligently failed to properly evaluate and treat Melissa Hadley's condition of active and ongoing stroke in the following particulars.

69. First, they failed to properly read, view, interpret, evaluate and fully receive and understand the diagnostic images, CT Scans, radiographs, x-rays, and/or other images, documents and information which were made available to them in conjunction with their provision of medical radiologic and diagnostic services to Melissa Hadley on that date.

70. Second, Troy W. Kerby, M.D. and Valarie Eckard, M.D. negligently failed to further evaluate and further diagnose Melissa Hadley with the precise neurological diagnosis so that she could be immediately, properly treated, and admitted to the hospital in Hays, Kansas or transferred to a more sophisticated treatment facility.

71. Third, Troy W. Kerby, M.D. and Valarie Eckard, M.D. negligently read and reviewed diagnostic images of Melissa Hadley, causing or contributing to cause Melissa Hadley with the stomach flu without any further treatment, examination or diagnosis.

72. All of the above actions of Troy W. Kerby, M.D. and Valarie Eckard, M.D. were negligent and fell below the standard of care of physicians in Hays, Ellis County, Kansas and those in communities of similar size in Kansas and throughout the United States.

73. As a direct and proximate result of the negligence of Troy W. Kerby, M.D. and Valarie Eckard, M.D., Melissa Hadley suffered substantial irreversible and permanent disabling results of a stroke including, but not limited to, brain damage, neurological

damage, disability, mental and emotional damage, pain, suffering and mental anguish and other damages which she would not have suffered but for the negligence of Troy W. Kerby, M.D. and Valarie Eckard, M.D. as set forth in this Count IV.

## FURTHER ALLIGATIONS APPLICABLE TO ALL COUNTS

74. All of the allegations of negligence in Counts I, II, III and IV herein are intended to be read together and in conjunction because they all arise out of the same core of operative facts.

75. All of the allegations of negligence or EMTALA violations set forth in Counts I, II, III, and IV herein are intended to be allegations of serial and/or concurrent and/or independent negligence which occurred either together in any combination or separately, and the claims asserted herein are asserted against all defendants jointly and/or severally.

76. All of the Defendants are believed to have acted recklessly, and/or wantonly and/or in reckless disregard for the health, safety and welfare of the Plaintiff.

77. The Plaintiff demands punitive damages be assessed against the Defendants in the amount of $10,000,000.00 and actual damages be assessed against the defendants in the amount of $5,000,000.00 for pain, suffering, mental anguish, disfigurement, disability, lost wages, medical expenses and any and all other incidental and consequential damages that the Plaintiff has suffered including loss of consortium, and any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF APPLICABLE TO ALL COUNTS

78.     WHEREFORE, the Plaintiff prays this Court grant her damages as set forth above against all Defendants jointly and severally in the amount of $15,000,000.00 with costs, interest, and attorney fees and any other relief this Court deems just and equitable.


/s/Caleb Boone_____
CALEB BOONE, Attorney at Law
1200 Main Street, Suite 304
P.O. Box 188
Hays, KS  67601
t:  785-625-6551
c: 785-623-0023
f:  785-625-7733
e: caleb@eaglecom.net
No. 11214