IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MELISSA HADLEY,                    )
                                   )
              Plaintiff,           )
     v.                            )
                                   )    Case No. 14-1055-RDR
HAYS MEDICAL CENTER;               )
KENNETH KOERNER, D.C.;             )
KOERNER CHIROPRACTIC, P.A.;        )
CURT D. MEINECKE, M.D.;            )
MICHAEL PFANNENSTIEL, M.D.;        )
TROY W. KERBY, M.D.; and           )
VALERIE ECKARD, M.D.,              )
                                   )
              Defendants.          )
```

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant Koerner Chiropractic, P.A.'s motion to dismiss for failure to state a claim. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

In her complaint, plaintiff asserts claims of medical negligence against the various defendants arising from medical care and treatment she received in February 2012. In Count II of the complaint, plaintiff asserts a claim of chiropractic negligence against Kenneth Joseph Koerner, D.C., and his employer, Koerner Chiropractic, P.A. Specifically, plaintiff alleges that Dr. Koerner, while working as an employee of Koerner Chiropractic, P.A., negligently manipulated plaintiff's head and neck, causing a

1

vertebral artery dissection and stroke.

In the instant motion, defendant Koerner Chiropractic, P.A., contends that plaintiff's claim against it must be dismissed because (1) Koerner Chiropractic, P.A., a health care provider, cannot be held vicariously liable for the acts of another health care provider; and (2) in the complaint, plaintiff has not adequately set forth facts that would entitle her to relief from Koerner Chiropractic, P.A.

In response to the defendant's motion, plaintiff contends that her complaint, when construed broadly, is sufficient to allege independent negligence by other employees of Koerner Chiropractic, P.A.  Plaintiff points out that Koerner Chiropractic, P.A., is an independent defendant, which independently performed actions to provide care and treatment to her.  Thus, she asserts that, every time that Koerner Chiropractic, P.A., is named in the complaint, those references must be construed to allege acts of all of the association employees since an association acts through its employees.

II.

"To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.  Iqbal, 556 U.S. at 678.  All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.  See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).   Allegations  that  merely  state  legal conclusions, however, need not be accepted as true.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

Under Kansas law, a healthcare provider who qualifies for coverage under the Health Care Stabilization Fund ("the Fund") shall have no vicarious liability or responsibility for any injury arising out of the rendering of or the failure to render professional services

in Kansas for any other health care provider who is also qualified for coverage under the Fund.  K.S.A. 40-3403(h); Glassman v. Costello, 267 Kan. 509, 523, 986 P.2d 1050 (1990).

Koerner Chiropractic, P.A., contends that it and Dr. Koerner are both health care providers who are qualified for coverage under the Health Care Stabilization Fund, and therefore it cannot be held vicariously liable for Dr. Koerner's alleged negligence.  The court agrees.  There is no dispute here that Koerner's Chiropractic, P.A., and Dr. Koerner are health care providers who are qualified for coverage under the Fund.  Thus, Koerner Chiropractic, P.A., cannot be vicariously liable for the negligent acts of Dr. Koerner.

Plaintiff contends, however, that the complaint, when construed broadly, adequately sets forth negligence claims against employees of Koerner Chiropractic, P.A., other than Dr. Koerner.  The court acknowledges that plaintiff has at times in her complaint broadly stated that she suffered damages as a result of the wrongful actions of the employees of Koerner Chiropractic, P.A., but she has failed to allege any supporting allegations.  The only specific allegations of negligence involve the purported actions of Dr. Koerner.  To state a claim of negligence under Kansas law, plaintiff must allege facts of the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered.  Smith v. Kan. Gas Serv. Co., 285 Kan. 33, 39, 169 P.3d 1052 (2007).  Here,

4

plaintiff has not asserted sufficient facts showing a plausible claim against any of the employees of Koerner Chiropractic, P.A., other than Dr. Koerner.  Moreover, plaintiff has not alleged any claim of independent liability by Koerner Chiropractic, P.A., for its failure to properly supervise Dr. Koerner.  Such a claim, even if alleged, is barred under Kansas law.  See Cady v. Schroll, 298 Kan. 731, 745-46, 317 P.3d 90 (2014); McVay v. Rich, 255 Kan. 371, 377, 874 P.2d 641 (1994).  Accordingly, the court shall grant defendant's motion to dismiss for failure to state a claim upon which relief can be granted.  See Culp v. Sifers, 550 F.Supp.2d 1276 (D.Kan. 2008)(claim against medical practice dismissed because complaint failed to state sufficient factual allegations to state a plausible claim against any of the medical practice's employees other than the doctor who treated plaintiff).

IT IS THEREFORE ORDERED that defendant Koerner Chiropractic, P.A.'s motion to dismiss for failure to state a claim (Doc. # 37) be hereby granted.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2014, at Topeka, Kansas.

s/ RICHARD D. ROGERS
Richard D. Rogers
United States District Judge