# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA HADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1055-KHV |
| **HAYS MEDICAL CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Melissa Hadley asserts medical malpractice claims against Hays Medical Center ("HMC"), Curt Meinecke, M.D., Kenneth Koerner, D.C., Koerner Chiropractic, P.A., Troy Kerby, M.D., Michael Pfannenstiel, M.D. and Valerie Eckard, M.D. See Complaint (Doc. #1) filed February 20, 2014. This matter comes before the Court on Defendant Kenneth J. Koerner, D.C.'s Motion For Leave To File Documents Under Seal (Doc #130) filed May 18, 2016. For reasons stated below, the Court overrules the motion.

## Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore

has discretion to seal documents if competing interests outweigh the public's right of access.  Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.  Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461.  The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption.  Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.  The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture.  Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

## Analysis

In support of his motion for summary judgment, defendant seeks leave to file under seal three exhibits.  See Defendant Kenneth J. Koerner, D.C.'s Motion For Leave To File Documents Under Seal (Doc #130) at 1.  Defendant asserts that the exhibits contain "protected health information" which he "believes should be filed under seal."  Id. at 1.  Plaintiff's counsel does not object to defendant filing the exhibits under seal.  Id. at 2.  Defendant provides no explanation why disclosure of the information might harm either party.  On this record, defendant has not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  See Helm, 656 F.3d at 1292; see also United States v. Apperson, — Fed. App'x —, Nos. 14-3069, 14-3070, 2016 WL 898885, at *6 (10th Cir. March 9, 2016).

Also, defendant has not shown that redaction would not sufficiently protect any information which is legitimately confidential.  Pursuant to the District of Kansas Administrative

Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, a party may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>
> 1. Social Security numbers: Use only the last four numbers;
>
> 2. Minors' names: Use the minors' initials;
>
> 3. Dates of birth: Use only the year; and
>
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that Defendant Kenneth J. Koerner, D.C.'s Motion For Leave To File Documents Under Seal (Doc #130) filed May 18, 2016 be and hereby is **OVERRULED**.

Dated this 11th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

3