# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA HADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1055-KHV |
| HAYS MEDICAL CENTER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Melissa Hadley asserts medical malpractice claims against Hays Medical Center ("HMC"), Curt Meinecke, M.D., Kenneth Koerner, D.C., Koerner Chiropractic, P.A., Troy Kerby, M.D., Michael Pfannenstiel, M.D. and Valerie Eckard, M.D.[1]  See Complaint (Doc. #1) filed February 20, 2014.  This matter comes before the Court on Plaintiff's Partial Motion To Dismiss Defendants Hays Medical Center, Inc. And Michael Pfannenstiel, M.D., Pursuant To A Mediated Settlement Agreement ("Plaintiff's Motion") (Doc #140) filed June 27, 2016.  For reasons stated below, the Court overrules the motion.

Plaintiff asks the Court to "grant, approve and sign" a proposed order which approves attorneys' fees and dismisses her claims against HMC and Pfannenstiel.  Id. at 1.  Plaintiff

---

[1] Plaintiff has dismissed her claims against Meinecke, Kerby and Eckard.  See Order Of Dismissal With Prejudice Of Defendant Valerie Eckard, M.D. (Doc. #115) filed December 23, 2015; Journal Entry Of Dismissal With Prejudice Of Defendant Troy Kerby, M.D. (Doc. #88) filed November 3, 2015; Journal Entry Of Dismissal With Prejudice Of Defendant Curt Meinecke, M.D. (Doc. #88) filed September 1, 2015.  In addition, on October 31, 2014, the Court dismissed the claims against Koerner Chiropractic, P.A. for failure to state a claim.  See Memorandum And Order (Doc. #50).  Thus, the claims against HMC, Meinecke and Pfannenstiel remain in the case.

provides no explanation regarding the basis for dismissing the claims and/or approving attorneys' fees. See id.

In conjunction with the motion to dismiss, counsel have jointly submitted a proposed order which states that the parties have resolved the claims against HMC and Pfannenstiel. See Exhibit A hereto. In addition, the proposed order states as follows:

> An Affidavit describing fees and expenses incurred by counsel of record on behalf of his/her client has been reviewed *in camera* by the Court and returned to the counsel responsible for submitting same. The Court approves the fees pursuant to K.S.A. [§] 7-121b.

Id. (emphasis in original). Along with the proposed order, counsel submitted separate emails to the Court regarding their fees in the case.[2]

Although the record is not clear, it appears that counsel request that the Court review their attorneys' fees *in camera* and approve them as reasonable under K.S.A. § 7-121b.[3] On this

---

[2] Counsel for plaintiff submitted a declaration outlining his fee agreement and fees and expenses in the case. Counsel for Pfannenstiel submitted an affidavit regarding his fees and expenses in the case. Counsel for HMC submitted a memorandum statement regarding the amount of its attorney fees in the case. Counsel apparently did not share the fee information with one another.

[3] Section 7-121b states, in part, as follows:

Subject to subsection (b) of K.S.A. 40-3411, and amendments thereto, whenever a civil action is commenced by filing a petition or whenever a pleading states a claim in a district court for damages for personal injuries or death arising out of the rendering of or the failure to render professional services by any health care provider, compensation for reasonable attorney fees to be paid by each litigant in the action shall be approved by the judge after an evidentiary hearing and prior to final disposition of the case by the district court. * * *

K.S.A. § 7-121b. In addition, the statute sets forth criteria for courts to consider in determining reasonableness of attorneys' fees. See id.

The Court notes that with regard to dismissal of claims against Meinecke, Kerby and Eckard, the parties did not ask it to determine or approve reasonable attorneys' fees.

2

record, the parties have not shown that the proposed procedure is acceptable under Tenth Circuit case law regarding the strong presumption in favor of public access to judicial records. See, e.g., United States v. Apperson, — Fed. App'x —, Nos. 14-3069, 14-3070, 2016 WL 898885, at *6 (10th Cir. March 9, 2016). Moreover, the proposed procedure would not provide an adequate record for appellate review of the Court's decision. See id. at *6-7.

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The parties seeking to overcome the presumption of public access to the documents bear the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

Here, the parties provide no explanation as to why the Court should restrict public access to the attorney fee documents. In other words, they have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292; see also Booth v. Davis,

No. 10-4010-KHV, 2016 WL 1170949, at *2-4 (D. Kan. March 23, 2016); Clark v. Anderson, No. 09-3141-KHV, at *1 (D. Kan. 2014). Moreover, the process proposed by the parties, i.e. *in camera* review of the attorney fee documents, would not provide an adequate record to support and facilitate meaningful review of the Court's decisional process. See Apperson, 2016 WL 898885, at *6-7. Accordingly, the Court overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Partial Motion To Dismiss Defendants Hays Medical Center, Inc. And Michael Pfannenstiel, M.D., Pursuant To A Mediated Settlement Agreement (Doc #140) filed June 27, 2016 be and hereby is **OVERRULED**.

Dated this 11th day of July, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge