## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA

| | |
|---|---|
| **MELISSA HADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 14-1055-KHV- KGS |
| ) | |
| **HAYS MEDICAL CENTER,** ) | |
| **KENNETH KOERNER, D.C., and** ) | |
| **MICHAEL PFANNENSTIEL, M.D.** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER APPROVING FEES AND DISMISSAL WITH PREJUDICE

**NOW** on this 26th day of September, 2016, Plaintiff and Defendants Hays Medical Center and Michael Pfannenstiel, M.D., by and through their counsel of record, advise the Court that they have resolved all claims against these Defendants and the Plaintiff is prepared to dismiss said Defendants from this action with prejudice. Plaintiff Melissa Hadley appears in person and by and through counsel, Caleb Boone. Defendant Hays Medical Center appears by and through counsel, Casey Walker. Defendant Michael Pfannenstiel, M.D. appears by and through counsel, Dustin Denning. Counsel for Defendant Kenneth Koerner, D.C. has advised the Court in writing that he waives his right to appear on this Motion. The Honorable Eric F. Melgren, United States District Court Judge, presiding by assignment for the purpose of consideration of this Motion, at Wichita.

At a hearing on the twenty-sixth day of September, 2016, the Counsel of record for Plaintiff presented his fees and expenses incurred on behalf of his client, supported by the testimony of the Plaintiff.

After the conclusion of the hearing, Counsel for both of the settling Defendants Hays Medical Center, Inc. and Michael Pfannenstiel, M.D. submitted their fees and expenses and affidavits from their clients and insurance personnel. The Court has admitted those documents to evidence and has reviewed those documents. The Court has also reviewed the file in this case. The Court approves the fees and expenses of all Counsel presented by documents attached to or associated with the Motion at issue herein, at and after the September 26, 2016 hearing, pursuant to K.S.A. 7-121b.

Specifically, the court hereby finds and concludes as mixed matters of fact and law, that:

1. Given that this case is one for medical malpractice involving an alleged stroke, allegedly caused by a chiropractic manipulation and allegedly compounded by negligent medical treatment of the Plaintiff by the two settling Defendants after the chiropractic manipulation, partly in alleged violation of EMTALA, 42 U.S.C. 1395dd, the court finds that the time and labor required in this case was substantial, justifying the number of hours set forth in all three Counsels' Affidavits, and that the novelty and difficulty of the legal and factual questions involved were significant, and that particular legal skill was required to perform the legal services involved herein properly, pursuant to K.S.A. 7-121b(a)(1).

2. That the likelihood that Plaintiff's Counsel was precluded from performing other employment as a result of accepting this case for the Plaintiff, was apparent to the Plaintiff, Melissa Hadley, pursuant to K.S.A. 7-121b(a)(2) and that, further, in fact, Plaintiff's Counsel was precluded from entering into other employment during the substantial number of hours and activities required by his participation in this case. Further, the Court finds that Defendants' insurer was aware, as it regularly engages counsel for the purpose of defending medical

malpractice allegations, that defense counsel may have been precluded from taking on other employment due to the time required to defend Plaintiff's allegations, pursuant to K.S.A. 7-121b(a)(2).

3. That the fees charged by all three Counsel in this case were reasonable and customarily charged in this locality for similar legal services. The Court bases this in part upon the Court's own personal knowledge of lawyers' fees in Wichita, Kansas and elsewhere in the State of Kansas, charged to both Plaintiffs and Defendants in medical malpractice cases, and on the affidavits submitted, pursuant to K.S.A. 7-121b(a)(3).

4. That the fees charged by all three Counsel in this case were reasonable in light of the monetary recovery obtained by the Plaintiff in this partial settlement, the monetary amount of the claim involved, the testimony of the Plaintiff that she was satisfied with the settlement and that she agreed after due consideration to accept the settlement as reached by the parties, and based on the insurer's affidavit, pursuant to K.S.A. 7-121b(a)(4).

5. That Plaintiff's Counsel was presented with a limited amount of time as a result of the fact that the Plaintiff employed him with only a short time remaining before the expiration of the statute of limitations and that circumstance, and the substantial travel schedule necessary to depose numerous expert witnesses whose engagement was required by the complexity of the case, all justified the expenses and attorney fees charged by Plaintiff's Counsel, pursuant to K.S.A. 7-121b(a)(5).

6. That the nature of the relationship of the lay and professional clients to their Counsel in this matter is substantial, close and necessarily cooperative and intricate, given that this case is one for medical malpractice involving an alleged stroke, allegedly caused by a chiropractic manipulation and allegedly compounded by negligent medical treatment of the

Plaintiff by the two settling Defendants after the chiropractic manipulation, partly in alleged violation of EMTALA, 42 U.S.C. 1395dd, thus requiring involved and detailed analysis of very complicated facts, pursuant to K.S.A. 7-121b(a)(6).

7. That the experience, reputation, and ability of the attorneys performing the legal services in this case is substantial and justifies the fees and expenses charged by all Counsel in this case, given that given that this case is one for medical malpractice involving an alleged stroke, allegedly caused by a chiropractic manipulation and allegedly compounded by negligent medical treatment of the Plaintiff by the two settling Defendants after the chiropractic manipulation, partly in alleged violation of EMTALA, 42 U.S.C. 1395dd, thus requiring involved and detailed analysis of very complicated facts, pursuant to K.S.A. 7-121b(a)(7).

8. That the contingent fee charged by Plaintiff's Counsel and the hourly fees charged by Defense Counsel were reasonable and appropriate, in light of the complex nature of this case and the testimony and sworn statements of all clients admitted to evidence in conjunction with this Motion hearing and afterward as requested by the Court, pursuant to K.S.A. 7-121b(a)(8).

In light of all eight factors set forth above, and after having received evidence and testimony and reviewed the complete file and the other evidence set forth hereinabove, the Court finds and concludes that the attorney's fees, costs and expenses charged by Plaintiff's Counsel Caleb Boone to Plaintiff Melissa Hadley, and by all Defense Counsel for the settling Defendants to their clients are reasonable, appropriate and just, pursuant to K.S.A. 7-121b.

The Court hereby further concludes and orders that Dismissal of Hays Medical Center and Michael Pfannenstiel, M.D., pursuant to the settlement testified to by the Plaintiff herein, is directed to be entered by the Clerk with prejudice, pursuant to Fed. R. Civ. P. 54(b)(first

4

sentence). The court expressly determines that there is no just reason for delay and therefore hereby expressly directs the entry of final judgment, and dismissal with prejudice, on the claims of the plaintiff against defendants Hays Medical Center and Michael Pfannenstiel MD as provided in Federal Rule of Civil Procedure 54 (b)(first sentence).  This action continues as to the remaining Defendant Kenneth Koerner, D.C. and this order expressly approves and preserves the continuation of Plaintiff's right of action against Defendant Koerner, D.C.

**WHEREFORE,** the Court GRANTS Defendants Motion to Dismiss (Doc. 174) and finds, concludes and Orders that the Attorney's Fees, Costs and Expenses are hereby approved and Dismissal With Prejudice of Defendants Hays Medical Center and Michael Pfannenstiel MD is hereby Ordered, all as more specifically set forth hereinabove.

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss (Doc. 157) is DEEMED MOOT.

**IT IS SO ORDERED,** this 19th day of October, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

SIMPSON, LOGBACK, LYNCH, NORRIS, P.A.

By: */s/ Casey L. Walker*
 Casey L. Walker, KS #25965
 cwalker@slln.com
 Janet M. Simpson, KS #11909
 jsimpson@slln.com
 7400 West 110th Street, Suite 600
 Overland Park, KS 66210 Telephone: (913) 342-2500
 Facsimile: (913) 342-0603
 **ATTORNEYS FOR DEFENDANT**
 **HAYS MEDICAL CENTER, INC.**

CALEB BOONE, ATTORNEY AT LAW

By: */s/ Caleb Boone*
 Caleb Boone, KS #11214
 caleb@eaglecom.net
 1200 Main Street, Suite 304
 PO Box 188
 Hays, KS 67601-0188
 Telephone: (785) 625-6551
 Facsimile: (785) 625-7733
 **ATTORNEY FOR PLAINTIFF**
 **MELISSA HADLEY**

CLARK, MIZE & LINVILLE, CHTD.

By: */s/ Dustin J. Denning*
 Dustin J. Denning, KS #19348
 djdenning@cml-law.com
 120 South 8th Street
 PO Box 380
 Salina, KS 67402
 Telephone: (785) 823-6325
Facsimile: (785) 823-1868
**ATTORNEYS FOR DEFENDANT**
**MICHAEL PFANNENSTIEL, M.D.**