IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA HADLEY,                      )<br>                                                      )<br>            Plaintiff,                         )<br>                                                      )     CIVIL ACTION<br>v.                                                  )<br>                                                      )     No. 14-1055-KHV<br>HAYS MEDICAL CENTER, et al.,   )<br>                                                      )<br>            Defendants.                    )<br>                                                      )<br>_____)  | |

## MEMORANDUM AND ORDER

Melissa Hadley originally asserted medical malpractice claims against Hays Medical Center ("HMC"), Curt Meinecke, M.D., Kenneth Koerner, D.C., Koerner Chiropractic, P.A., Troy Kerby, M.D., Michael Pfannenstiel, M.D. and Valerie Eckard, M.D.  See Complaint (Doc. #1) filed February 20, 2014.  On November 21, 2016, the Court dismissed plaintiff's only remaining claims, i.e. the state law claims against Koerner, for lack of subject matter jurisdiction.[1]  See Order (Doc. #178).  Specifically, under 28 U.S.C. § 1367(c), the Court declined to exercise supplemental jurisdiction over the claims.  See id. at 2-4.  The same day, the Court entered judgment dismissing the claims against Koerner without prejudice.  See Judgment In A Civil Case (Doc. #179).  This matter comes before the Court on Plaintiff's Corrected* [sic]

---

[1] Plaintiff agreed to dismiss her claims against HMC, Pfannenstiel, Eckard, Kerby and Meinecke.  See Order Approving Fees And Dismissal With Prejudice (Doc. #177) filed October 19, 2016; Stipulation Of Partial Dismissal As To Defendant Valerie Eckard, M.D. Only, Reserving All Rights Against Remaining Defendants (Doc. #106) filed November 17, 2015; Journal Entry Of Dismissal With Prejudice Of Defendant Troy Kerby, M.D. (Doc. #104) filed November 3, 2015; Journal Entry Of Dismissal With Prejudice Of Defendant Curt Meinecke, M.D. (Doc. #88) filed September 1, 2015.  The Court dismissed the claims against Koerner Chiropractic, P.A.  See Memorandum And Order (Doc. #50) filed October 31, 2014.

Motion For Alteration Or Amendment Of Judgment And/Or For Relief From Judgment Of Dismissal For Lack Of Subject Matter Jurisdiction (Doc. #181) filed December 19, 2016.

Plaintiff asks the Court to alter or amend its judgment under Rule 59(e), Fed. R. Civ. P. Under Rule 59(e), the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is appropriate when the Court has misapprehended a party's position, the facts or the controlling law, or the Court has "mistakenly decided issues outside of those the parties presented for determination." In re Sunflower Racing, Inc., 223 B.R. 222, 223 (D. Kan. 1998) (citing Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990)). Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Servants of Paraclete, 204 F.3d at 1012. A party's failure to present her strongest case in the first instance does not entitle her to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion for reconsideration is committed to the court's discretion. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff asserts that the order which dismissed her claims against Koerner will result in manifest injustice. Although the Tenth Circuit has not precisely defined "manifest injustice" within the context of Rule 59(e), this Court has described the term to mean "direct, obvious, and observable error." Tri-State Truck Ins., Ltd. V. First Nat'l Bank of Wamego, No. 09-4158-SAC,

2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Black's Law Dictionary 1048 (9th ed. 2009), and citing Brynberg v. Ivanhoe Energy, Inc., No. 08-cv-2528, 2010 WL 2802649 (D. Colo. 2010)).  Where plaintiff seeks reconsideration to prevent manifest injustice, she can prevail only if she demonstrates injustice that is "indisputable."  Id. (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Plaintiff asserts that the order of dismissal will unnecessarily delay trial and cause needless additional expense and burden on the parties.[2]  See Plaintiff's Motion (Doc. #181) at 2. Plaintiff urges the Court to retain jurisdiction over the claims against Koerner, asserting that other judges have chosen to do so in cases involving similar circumstances.  See id. at 2-6.

Plaintiff points to no reasons which compel the Court to exercise supplemental jurisdiction to decide the merits of her state law claims.  See Thatcher Enters. v. Cache Cty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990) (notions of comity and federalism demand that state court try its own lawsuits, absent compelling reasons to contrary).  As the Court previously noted, the state judge is better suited to address state law questions raised in defendant's motion for summary judgment, including whether plaintiff can prove her claim for punitive damages by clear and convincing evidence and whether plaintiff can prevail on her claim for loss of chance for better recovery.  See Order (Doc. #178) at 2, 3 n.3 (citing Defendant Kenneth Koerner, D.C.'s Memorandum In Support Of His Motion For Partial Summary Judgment (Doc. #132) filed May 18, 2016).  Moreover, in light of the Court's order that (1) all discovery in this case

---

[2] Plaintiff does not elaborate how or why the order will cause needless expense and burden on the parties.  Furthermore, it appears that plaintiff has merely cut and pasted into her motion for reconsideration arguments that counsel asserted in her memorandum in opposition to defendant's motion to dismiss.  Compare Plaintiff's Response To Defendant Kenneth Koerner, D.C.'s Motion To Dismiss (Doc. #167) filed September 21, 2016, ¶¶ 2-4, 7-17 with Plaintiff's Motion (Doc. #181), ¶¶ 6-18.  The Court has already considered and rejected these arguments.

shall be available for use in state court proceedings; and (2) immediately after defendant receives service of any state court suit, he shall provide a copy of the federal case file to the state judge and notify the state judge that the case is ready for trial subject to ruling on defendant's motion for partial summary judgment, the Court is satisfied that any additional expense or burden to the parties will be minimal.  Under the circumstances, the Court declines to reconsider its ruling.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Corrected* [sic] Motion For Alteration Or Amendment Of Judgment And/Or For Relief From Judgment Of Dismissal For Lack Of Subject Matter Jurisdiction (Doc. #181) filed December 19, 2016 be and hereby is **OVERRULED**.

---

[3]  Alternatively, plaintiff seeks relief under Rule 60(b), Fed. R. Civ. P., which states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b). See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).  For reasons stated, the Court declines to grant relief under Rule 60(b).

Dated this 27th day of February, 2017 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge